IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL H. GEORGE, JR., | : |
| Petitioner, | : CIVIL NO. 4:07-CV-237 |
| v. | : (Judge Jones) |
| FEDERAL BUREAU OF PRISONS, et al., | : |
| Respondents. | : |

FILED
WILLIAMSPORT
FEB 21 2007
PER _____ DEPUTY CLERK

## MEMORANDUM

### February 21, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Daniel H. George, Jr. ("Petitioner" or "George"), an inmate confined at the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood"), filed this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Rec. Doc. 1). The Petition also incorporated a Motion for Expedited Hearing. (Rec. Doc. 1). Petitioner is represented by counsel. Named as Respondents are the Federal Bureau of Prisons ("BOP"), BOP Director Harley G. Lappin, and FCI-Allenwood Warden Jonathan Miner. The required filing fee

has been paid.[1]

According to the Petition, George was convicted of tax evasion in the United States District Court for the District of Massachusetts. He is presently serving a thirty (30) month term of incarceration stemming from that conviction. Petitioner challenges the execution of his sentence by the BOP. Specifically, he argues that the BOP has improperly determined the length of time that he should serve in a Community Corrections Center ("CCC").[2] George indicates that, in deciding his CCC eligibility, the BOP failed to consider mandatory factors regarding CCC placement, as well as statements made by the sentencing court regarding his need for medical treatment.

Petitioner also asserts that federal prison officials have acted improperly by not disclosing the date of his transfer to CCC to his legal counsel. His Petition adds that FCI-Allenwood staff have failed to provide him with needed medical/mental health treatment. As relief, George seeks immediate reconsideration regarding his CCC placement.

---

[1] The docket indicates that Petitioner paid the filing fee for a civil rights complaint as opposed to the lesser habeas corpus filing fee. Thus, it appears that he is entitled to a partial refund.

[2] According to the Petition, George sought six (6) months of CCC placement, but has been informed that he will only spend three (3) months in CCC.

**DISCUSSION:**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475 (1973), Telford v. Hepting, 990 F.2d 745, 748

(3d Cir. 1993), cert. denied, 510 U.S. 920 (1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Based on the grounds asserted in his Petition, it appears that Petitioner seeks to challenge the BOP's determination that he should only be provided with three (3) months of CCC placement. He also alleges a denial of needed medical treatment. Such claims do not contend that his sentence has been improperly calculated or otherwise attack the length of his present incarceration. The purportedly unconstitutional actions also do not include a loss of good time credits or conduct that otherwise extended the length of his confinement.

Based upon the nature of Petitioner's allegations and the relief sought, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Consequently, the Petition will be denied as meritless without prejudice to any right George may have to reassert his present claims in a properly filed civil rights complaint.[3] See David v. United States, No. 3:CV-99-0836, slip op. at 5 (M.D. Pa. June 17, 1999) (Munley, J.)

---

[3] In this regard, this Court expresses no opinion as to the merits of any civil rights claims George may file based upon the facts asserted herein.

(challenge to IFRP refusal status not properly asserted in habeas petition); <u>Wool v. York County Prison</u>, No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. Jan. 30, 1998) (McClure, J.).

    An appropriate Order shall issue.